September 4, 2018




U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
75 Lower Welden St.
St. Albans, VT 05479

U.S. Citizenship and Immigration Services



LEERS WEINZAPFEL ASSOCS ARCHITECTS
c/o BEATA WEISS
WEISS IMMIGRATION LAW GROUP
75 KNEELAND STREET STE 301
BOSTON, MA 02111

EAC1813851287

RE: YOUNGSOO YANG
I-129, Petition for a Nonimmigrant Worker

## DECISION

Dear Sir/Madam,

On April 12, 2018, you filed a Form I-129, Petition for a Nonimmigrant Worker with U.S. Citizenship and Immigration Services (USCIS) to classify the beneficiary under section 101(a)(15)(E)(iii) of the Immigration and Nationality Act (the Act).

Section 101(a)(15)(E)(iii) of the Act relates to an alien:

...entitled to enter the United States under and in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national...solely to perform services in a specialty occupation in the United States if the alien is a national of the Commonwealth of Australia and with respect to whom the Secretary of Labor determines and certifies to the Secretary of Homeland Security and the Secretary of State that the intending employer has filed with the Secretary of Labor an attestation under section 212(t)(1).

Section 101(a)(15)(H)(i)(b) of the Act defines such a beneficiary as an alien:

> ...who is coming temporarily to the United States to perform services...in a specialty occupation described in section 214(i)(1)..., who meets the requirements for the occupation specified in section 214(i)(2)..., and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under 212(n)(1).

Furthermore, section 212(n)(1) of the Act states:

> No alien may be admitted or provided status as an H-1B nonimmigrant in an occupational classification unless the employer has filed with the Secretary of Labor an application stating the following:

(A) The employer-

    (i) is offering and will offer during the period of authorized employment to aliens admitted or provided status as an H-1B nonimmigrant wages that are at least-

        (I) the actual wage level paid by the employer to all other individuals with similar experience and qualifications for the specific employment in question, or

        (II) the prevailing wage level for the occupational classification in the area of employment, whichever is greater, based on the best information available as of the time of filing the application...

Title 8 Code of Federal Regulations (8 CFR), section 214.2(h)(4)(i) states in part:

(B) <u>General requirements for petitions involving a specialty occupation.</u>

    (1) Before filing a petition for H-1B classification in a specialty occupation, the petitioner shall obtain a certification from the Department of Labor that it has filed a labor condition application in the occupational specialty in which the alien(s) will be employed.

Title 20 Code of Federal Regulations (20 CFR), section 655.705(b) states in pertinent part:

...DHS accepts the employer's petition (DHS Form I-129) with the DOL-certified LCA attached. In doing so, the DHS determines whether the petition is supported by an LCA which corresponds with the petition, whether the occupation named in the labor condition application is a specialty occupation or whether the individual is a fashion model of distinguished merit and ability, and whether the qualifications of the nonimmigrant meet the statutory requirements for H-1B visa classification.

Your architectural firm seeks to employ the beneficiary as an Architectural Designer at an annual salary of 48,000. Based on information provided, your business was established in 1982 and currently employs 25 workers. Included in your initial filing is an ETA 9035 Labor Condition Application (LCA) certified by the Department of Labor (DOL) for the position of Architectural Designer under the Architects, Except Landscape and Naval occupational title in Boston, MA. The LCA lists the prevailing wage source as the 2018 Dietrich Surveys: Dietrich Architectural Salary Survey, which appears to be an independent authoritative source.

At issue is whether the petition is supported by an LCA which corresponds with the offered position. USCIS does not use a position title alone in determining whether the position certified on the LCA relates to the offered position; the agency reviews the educational and experience requirements, individual job duties and specific function, and supervisory duties, if any, of the offered position. With the initial filing, you submitted the following description of duties for the offered position:

- Prepare detailed designs of architectural and structural features of buildings, interior and exterior spaces for architectural projects;
- Participate in meetings and communicate with clients about various aspects of the proposed projects, including objectives, requirements and budget;
- Brainstorm creative design plans;
- Develop models utilizing computer software;



- Interact with others designers and architects;
- Present design proposals;
- Accompany licensed architect(s) to worksite to ensure that construction projects adhered to architectural plans; ad
- Follow up with design work as building processes.

On May 24, 2018, USCIS informed you in a Request for Evidence (RFE) that the initial evidence did not establish that your petition was supported by an LCA which corresponded with the offered position described in the petition. You were requested to submit evidence to demonstrate that the occupation listed in the independent authoritative source was comparable to the offered position.

On August 16, 2018, USCIS received your response, which included:

- Your attorney's letter of response;
- Copy of the letter from the Alien Prevailing Wage Determination, Inc.;
- Excerpts from the 2018 Dietrich Architectural Salary Survey; and
- A support letter from Warren R. Schwartz, FAIA from Schwartz/Silver Architects, Inc.

Your response is insufficient to establish that your petition is supported by an LCA that corresponds with the offered position described in the petition.

As indicated in *Matter of Simeio Solutions, LLC*, 26 I&N Dec. 542 (AAO 2015), USCIS must determine whether the attestations and content of the LCA correspond to and support the H-1B visa petition.



In your response you have provided an excerpt of the 2018 Dietrich Architectural Salary Survey prevailing wage survey for the position of a Junior Designer - A which falls under the Architectural Drafting and Design category. The prevailing wage survey describes the following roles and responsibilities for the position of a Junior Designer - A:

> Perform routine architectural design and provides office support for projects. Assist in preparation of design and construction documents, correcting and updating drawings.

In considering the description of the occupation as listed in the Junior Designer - A and the totality of the evidence in the record, it does not appear that the offered position comports with the description for the occupation as certified on the LCA. A detailed analysis of the evidence provided in relation to that description follows.

The 2018 Dietrich Architectural Salary Survey indicates that a Junior Designer - A under the Architectural Drafting and Design category does not encompass many of the duties you have described for the offered position of an Architectural Designer with your company. For example, you indicate that an Architectural Designer will participate in meetings and communicate with clients about various aspects of the proposed projects, including objectives, requirements and budget; present design proposals; accompany licensed architect(s) to worksite to ensure that construction projects adhered to architectural plans; and follow up with design work as building processes. These duties appear to encompass a great deal of project responsibilities that a Junior Designer - A does not include. Furthermore, it is more apparent that the offered position is more closely related to that of an Architect 1 under the Architectural Services category, which states:

> Entry level of professional work requiring a bachelor's degree in architecture and no experience, or degree equivalent education and experience. Works under close supervision; receives specific and detailed instructions regarding tasks and expected results. Performs

elementary architectural assignments and works from designs of others, compile data, performs elementary design computations, makes quantity takeoffs and prepares estimates, prepares architectural plans/renderings, and inspects architectural features of structures in field.

As an Architectural Designer with your company is more involved with the project than merely performing routine design and office support. While the letter of support from Warren R. Schwartz, FAIA from Schwartz/Silver Architects, Inc. indicates that the duties and responsibilities of a Junior Designer - A and an Architect 1 overlap to a degree, the offered position includes duties that appear to be beyond those of a Junior Designer - A. Absent a detailed job description to include a breakdown of the time spent on each duty, the educational requirements for these duties and an explanation of how the beneficiary's education relates to the position and a comparison of those duties to those as described in the 2018 Dietrich Architectural Salary Survey, it is not apparent that the offered position is comparable to that of a Junior Designer - A.

In support of your petition, you submitted a certified LCA for the position of Junior Designer - A under the Architectural Drafting and Design category at a 2018 Dietrich Architectural Salary Survey. As discussed above, you have not established that the offered position requires the performance of similar duties and responsibilities or is similar in scope and responsibility to an Architect - 1.

The record does not establish that the petition is supported by an LCA which corresponds with the offered position described in the petition as required by 20 CFR 655.705(b) and *Matter of Simeio Solutions*.

If applicable, the portion of the petition requesting an extension of stay or change of status for the alien is now being denied as the nonimmigrant petition filed in the alien's behalf has been denied.

In addition, as the Petitioner did not demonstrate that the petition is supported by an LCA which corresponds with the offered position described in the petition; USCIS need not fully address other issues evident in the record. That said, USCIS wishes to identify additional issues to inform the Petitioner that these issues need to be addressed in any future proceedings; the evidence of the record does not sufficiently demonstrate that the offered position qualifies as a specialty occupation.

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of Appeal or Motion. You may also include a brief or other written statement in support of your appeal. The appeal must be filed within 33 days from the date of this notice. If an appeal or a motion is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS 290B
PO Box 21100
Phoenix AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

Sincerely,



*Laura Zuchowski* (signature)
Laura B. Zuchowski
Director

